FILED
SUPERIOR COURT
OF GUAM

2022 MAY 17 PM 12: 29

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>                               Plaintiff,<br><br>vs.<br><br>STERLING ALIKA CRISOSTOMO,<br><br>                               Defendant. | Case No. CF0065-22<br><br>**DECISION AND ORDER**<br>**(Finding Defendant Competent to Stand Trial)** |

### INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on May 2, 2022, for a Competency Hearing. Assistant Public Defender Earl V. Espiritu appeared for Sterling Alika Crisostomo ("Defendant"). Assistant Attorney General Jeremiah B. Luther appeared for the People of Guam ("People"). Having considered Defendant's forensic evaluation, Dr. Rapadas's testimony, the parties' oral arguments, and the applicable law, the Court now issues the following decision and order and **finds Defendant competent to stand trial.**

### BACKGROUND

On February 11, 2022, Defendant was arrested and charged with the following: (1) Two Counts of Burglary (As a Second Degree Felony) with Two Counts of Special Allegation: Commission of a Felony While on Felony Release and (2) Theft of Property (As a Petty Misdemeanor). Indictment, Feb. 11, 2022. Police records indicate Defendant took items from his neighbors' vehicle and residence without their permission. Mag. Complaint, Feb. 3, 2022.

Page 1 of 4

On February 16, 2022, Defendant pled Not Guilty by Reason of Mental Illness, Disease, or Defect. Minute Entry, Feb. 16, 2022. Pursuant to 9 G.C.A. § 7.25, the Client Services and Family Counseling Division of the Superior Court of Guam ("CSFC") arranged for Defendant to undergo a forensic evaluation with a qualified psychologist. Order for Forensic Evaluation, Feb. 16, 2022. On March 31, 2022, Defendant underwent his forensic evaluation with Dr. Juan Rapadas, an expert clinical psychologist at CSFC. Forensic Evaluation at 1, Mar. 31, 2022. The Court held a hearing on May 2, 2022, to determine Defendant's competency to stand trial. Minute Entry, May, 2, 2022. After hearing the arguments of the parties, the Court found Defendant competent to stand trial.

**DISCUSSION**

"A defendant is incompetent to be proceeded against in a criminal action if, as a result of mental illness . . . he is unable (1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense." 9 G.C.A. § 7.37(a)(1)–(4).

Defendant appeared mentally sound throughout the forensic evaluation. Defendant was "basically" oriented to person, place, time, and object in the examination. Forensic Evaluation at 5. Defendant knew why he was taking the forensic evaluation, and showed "good" attention and concentration throughout the assessment. *Id.* at 5. Defendant's speech flow and content was appropriate to mood and situation, organized, and focused. *Id.* However, his speech flow was sometimes rushed. *Id.* Defendant also showed reliable short and long-term memory, and was able to describe his home life, family relationships, education, and work history. *Id.* at 2– 3. "[Defendant] was not given a [mini-mental examination ("MMSE")] as he would normally get a perfect score." *Id.* "For this current exam, he appeared lucid, alert, attentive, and respectful." *Id.*

Defendant's understanding of the criminal proceedings also seems good. Defendant has a "rational and factual understanding of the proceedings against him." *Id.* at 6. He is familiar with the legal process and understands the jobs and responsibilities of the lawyers, the Court, and the jury. *Id.* He articulated the difference between a misdemeanor and a felony, and understands the charges against him. *Id.*

It is noteworthy that Defendant was previously diagnosed with ADHD and Bipolar Disorder, Mania type. *Id.* at 7. Defendant first went to the Guam Behavioral Health and Wellness Center ("GBHWC") for help with his meth addiction in 2012. *Id.* at 3. Defendant continued to attend GBHWC off and on over the following years, including spending several days at the GBHWC inpatient unit in 2015. *Id.* At his last forensic exam in March 2021, he was not on any psychiatric medications. *Id.* at 4. Defendant reports that he feels "OK but a little hyper and energetic." *Id.*

Taking all data in total, Defendant is currently competent to be proceeded against and to be sentenced. As Dr. Rapadas laid out in his report, Defendant is currently not experiencing any psychotic symptoms. Defendant can also engage in conversation with his attorney, process any legal advice he may provide, and help plan a defense strategy. This ability, combined with Defendant's previous perfect MMSE test results indicate that Defendant has no major cognitive weaknesses or mental illness preventing him from assisting in his defense.

## CONCLUSION AND ORDER

For the above reasons, the Court makes the following findings of fact and conclusions of law:

- Defendant does possess the mental competency "(1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense." 9 G.C.A. § 7.37(a)(1)–(4).
- Defendant is currently competent to stand trial. Defendant can make any diminished capacity defense he may have at trial

SO ORDERED, this __17__ day of __May__ 2022.



HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam